**Affirmed and Memorandum Opinion filed May 5, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00234-CV

---

### ERVIN WALKER, Appellant

### V.

### HOLMES, DIGGS, EAMES & SADLER AND ALICE OLIVER-PARROTT P.C., Appellees

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-00433**

---

## MEMORANDUM OPINION

The present dispute stems from the failed arbitration and dismissal in a separate lawsuit. Appellant Ervin Walker previously sued appellee Holmes, Diggs, Eames & Sadler ("the Law Firm"), and that suit was dismissed for want of prosecution. Walker filed the present suit against the Law Firm, the arbitrator in the first suit, the Honorable Alice Oliver-Parrott, the Law Firm's bank, BBVA Compass, and two employees of the bank, Anthony J. Colunga and Shanta Tate. The trial court

ordered Walker's claims against the Law Firm to arbitration and granted summary judgment for Compass Bank and its employees. Oliver-Parrott then filed traditional and no-evidence motions for summary judgment, which were granted by the trial court. In two issues Walker argues the trial court erred in (1) allowing Oliver-Parrott and her counsel to commit fraud and (2) ordering sanctions against Walker. Concluding Walker has not challenged the grounds for granting summary judgment and the trial court did not assess sanctions, we affirm.

## BACKGROUND

In 2015, Walker sued the Law Firm alleging that Cindy Diggs of the firm illegally solicited him, and that Judith Sadler, formerly of the firm, inappropriately advanced Walker $1500 in the form of a check written on the Law Firm's Compass Bank account. Walker's first suit was filed in the 80th District Court in Harris County. The trial judge in the 80th District Court ordered the case to arbitration. Oliver-Parrott was named as arbitrator. After a dispute about discovery Oliver-Parrott recused herself due to a conflict of interest. The arbitration never took place, and the 80th District Court eventually dismissed Walker's suit for want of prosecution.

Walker subsequently filed the underlying suit in which he alleged causes of action for violation of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, conspiracy, vicarious liability, and misrepresentation. Walker's claims centered around a check written on the Law Firm's Compass Bank account that Walker alleged demonstrated that the firm illegally solicited him as a client in 2012. Walker's claims against Oliver-Parrott centered around Oliver-Parrott's role as arbitrator in the first suit and an alleged conflict of interest between Oliver-Parrott and members of the Law Firm.

The Law Firm filed a "Motion to Compel Arbitration, Motion to Dismiss, or

2

in the alternative, to Stay, or in the alternative, to Transfer and Motion to Stay Discovery." The trial court ordered the dispute between Walker and the Law Firm to arbitration and granted the Law Firm's motion to stay. The record does not reflect that arbitration occurred.

Compass Bank and its employees filed a motion for summary judgment, which was granted by the trial court. The trial court dismissed Walker's claims against Compass Bank and its employees and severed those claims from the claims against the Law Firm and Oliver-Parrott. Walker did not appeal that judgment, which became final at the time the trial court granted severance. Therefore, Compass Bank and its employees are not parties to this appeal.

Oliver-Parrott subsequently filed a motion for no-evidence partial summary judgment in which she alleged that Walker had presented no evidence of damages. Oliver-Parrott also filed a traditional motion for partial summary judgment in which she alleged that Walker's claims against her were barred by arbitral immunity. The trial court granted Oliver-Parrott's motions for summary judgment and ordered that Walker take nothing on all claims.

ISSUES ON APPEAL

Walker brings the following issues on appeal:

1.      Texas law provides that a governmental record includes "anything belonging to, received by, or kept by government for information" or "anything required by law to be kept by others for information of government." This case should be reversed because the trial court erroneously erred by allowing Alice Oliver-Parrott and her legal counsel Sharon E. Cullen to commit fraud before the Court in violation of Texas Penal Code, Section 37.09 (a)(2) and 37.10 (a)(2)(5), and it was done after appellant Ervin Walker had alerted the court of the fraud, but the court still allowed the fraud to happen and granted all of the Appellees Summary Judgment Motions and dismissed Holmes, Diggs, Eames & Sadler's case based on the illegal fraud, and the court's

3

bias and prejudiced against Ervin Walker.

2.     The trial court abused his discretion by ordering sanctions against Ervin Walker without holding a hearing as required by law, in violation of Rule 13, Texas Rule of Civil Procedure and violated appellant Walker's Constitutional rights to due process and due course of law under the Tex. Const, art. I, § 13, and art. I, § 19.

## ANALYSIS

The trial court's order granting summary judgment states, in part, "The Court finds that the motions are well taken and should be GRANTED. IT IS THEREFORE ORDERED that Plaintiff take nothing on his claims against Defendant Alice Oliver-Parrott, P.C. This is the final judgment; it disposes of of [sic] all claims and parties and is appealable."

The record does not reflect that the claims against the Law Firm were disposed by the trial court's order. However, the trial court's order is a final appealable judgment and we have jurisdiction over this appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). If the trial court's intent to finally dispose of the case is clear from the order, the order is final and appealable even if the record does not afford a legal basis for the adjudication; such a "judgment is final—erroneous, but final." *Lehmann*, 39 S.W.3d at 200, 204; *see also Bella Palma, LLC v. Young*, No. 19-0204, 2020 WL 1898543, at *2 (Tex. Apr. 17, 2020). ("Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable."). Any error in the failure to dispose of the claims against the Law Firm, however, is waived if not presented by proper assignment of error in the appellate court. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001) (per curiam).

Walker does not raise an issue on appeal arguing the trial court erred in failing

4

to rule on his claims against the Law Firm. Therefore, he has waived any complaint he may have had regarding that action by the trial court. *See Ontiveros v. Flores*, 218 S.W.3d 70, 71 (Tex. 2007) (per curiam) (appellant who does not assert error as to summary judgment against some of his claims waives error as to them and court of appeals erred by reversing summary judgment on those claims); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990) (per curiam) (holding a court of appeals may not reverse a trial court's judgment in the absence of properly assigned error).

We turn to Walker's issues with regard to the judgment in favor of Oliver-Parrott.

## I.     Standard of review and applicable law

We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) ("A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict."). A no-evidence summary judgment will be sustained when: "(a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of a vital fact." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

We review a trial court's order granting a traditional summary judgment de novo. *Mid–Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236

5

S.W.3d 754, 756 (Tex. 2007). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013).

If the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We first review the trial court's no-evidence summary judgment under the standards of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The nonmovant, here Walker, must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment under that provision. Tex. R. Civ. P. 166a(i). If Walker failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether Oliver-Parrott's proof satisfied the Rule 166a(c) burden. *See Ford Motor*, 135 S.W.3d at 600. And, if an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on any of the unchallenged grounds. *Durham v. Accardi*, 587 S.W.3d 179, 183 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

## II. The trial court's summary judgment must be affirmed because Walker did not address all summary judgment grounds asserted by Oliver-Parrott in her motions.

Walker sued Oliver-Parrott alleging violation of the DTPA, fraud and intentional misrepresentation, fraud by non-disclosure, conspiracy, and negligent misrepresentation. Oliver-Parrott filed a motion for no-evidence summary judgment in which she alleged that Walker failed to produce evidence that Oliver-Parrott's actions as an arbitrator in the first dispute proximately caused Walker's damages. *See Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 824 (Tex. 2012) (no claim under the DTPA can be maintained absent proof that defendant's act was a producing

cause of plaintiff's damages); *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011) (cause of action for fraud requires proof that the misrepresentation caused the plaintiff's damages); *Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001) (in claim for fraud by non-disclosure, plaintiff must show injury as a result of acting without knowledge of the undisclosed facts); *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (claim for negligent misrepresentation requires proof of a pecuniary loss as a proximate result of the misrepresentation); *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019) (civil conspiracy requires an underlying tort that has caused damages).

Oliver-Parrott attached documents to her motion for no-evidence summary judgment including Walker's original petition in which Walker alleged he "suffered actual damages, including direct, consequential and incidental damages" and affidavits stating that Oliver-Parrott did not charge a fee for the arbitration.

In the traditional motion for summary judgment Oliver-Parrott asserted that each of Walker's claims against her arose out of her actions as an arbitrator in the prior suit. Oliver-Parrott argued that she was immune from civil liability for failing to disclose sources of possible bias or partiality. *See Pullara v. American Arbitration Ass'n, Inc.*, 191 S.W.3d 903, 909 (Tex. App.—Texarkana 2006, pet. denied) (arbitrator was immune from civil liability in claim that arbitrator did not disclose source of bias).

In Walker's response to Oliver-Parrott's motions for summary judgment Walker focused on Oliver-Parrott's ruling on his request for discovery during the arbitration. Walker also accused Oliver-Parrott and her counsel of producing fraudulent documents including copies of documents that purported to reflect Walker's criminal history. Walker attached several documents to his response

including (1) notification from the Harris County District Clerk about several criminal charges with hand-written notations as to the disposition of the charges; (2) Walker's list of arbitrators from the first suit and email communications regarding choice of arbitrator; (3) Oliver-Parrott's discovery order from the first suit; and (4) Oliver-Parrott's response to Walker's motion to compel, which contained exhibits showing a judgment of conviction for trespass to property that reflects Ervin Walker as the defendant, an indictment for unauthorized use of a motor vehicle listing Ervin E. Walker as the accused, and an order for psychiatric or medical review of Ervin Walker signed by the judge of the Harris County Criminal Court at Law No. 8.[1]

Oliver-Parrott replied to Walker's response arguing that Walker failed to timely respond and failed to explain the relevance of his response to the motions for summary judgment. Oliver-Parrott moved to strike Walker's response and moved for sanctions pursuant to Texas Rule of Civil Procedure 13. The trial court granted the motion to strike Walker's late-filed response but did not rule on Oliver-Parrott's request for sanctions.

In his first issue on appeal Walker argues the trial court erred "by allowing Alice Oliver-Parrott and her legal counsel Sharon E. Cullen to commit fraud before the Court in violation of Texas Penal Code, Section 37.09 (a)(2) and 37.10 (a)(2)(5)[.]" This argument appears to address documents mistakenly attached to Oliver-Parrott's response to Walker's motion to compel production of documents, which were criminal records belonging to another individual using Walker's name as an alias. Oliver-Parrott candidly admits the mistake in her brief but avers the documents played no role in her motions for summary judgment. We agree.

Walker did not present a scintilla of evidence of damages to the trial court,

---

[1] According to Walker and Oliver-Parrott the documents reflecting criminal convictions are those of another individual, John Anderson, who was using the alias Ervin Walker.

nor does he argue on appeal that there is some evidence of damages. Walker also does not argue on appeal that Oliver-Parrott failed to meet her burden to show arbitral immunity or that there are any genuine issues of material fact with regard to arbitral immunity. Walker has not challenged all independent bases or grounds that could, if meritorious, support the summary judgment dismissing his claims. We must, therefore, affirm the summary judgment. *See Durham*, 587 S.W.3d at 183. We overrule Walker's first issue.

### III. The trial court did not assess sanctions pursuant to Texas Rule of Civil Procedure 13.

In his second issue Walker argues the trial court abused its discretion by ordering sanctions without holding a hearing in violation of Texas Rule of Civil Procedure 13. Rule 13 of the Texas Rules of Civil Procedure provides, in pertinent part:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

Tex. R. Civ. P. 13.

The trial court in this case granted Oliver-Parrott's motion to strike Walker's late-filed response, but did not assess Rule 13 sanctions. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) ("Summary judgment evidence may be filed late, but only with leave of court."). The trial court assessed costs against Walker pursuant to Texas Rule of Civil Procedure 131 (successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise

9

provided). Because the trial court did not assess Rule 13 sanctions, we overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues on appeal we affirm the trial court's judgment.

/s/     Jerry Zimmerer
          Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.